**QIU YAN LIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–1259–ag.**

United States Court of Appeals,
Second Circuit.

July 14, 2006.

Fengling Liu, New York, NY, for Petitioner.

Matthew H. Mead, United States Attorney for the District of Wyoming, Carol A. Statkus, Assistant United States Attorney, Cheyenne, WY, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Qiu Yan Lin, though counsel, petitions for review of the March 2005 BIA decision affirming Immigration Judge ("IJ") Elizabeth Lamb's decision denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denying her motion to remand. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly adopt the IJ's decision, but its reasoning "closely tracks" that of the IJ, and this Court's conclusion would be the same regardless of which decision it reviewed, it is appropriate to review both decisions "for the sake of completeness." *See Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 n. 7 (2d Cir.2004). The BIA's denial of Lin's motion to remand is reviewed separately, for an abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 157 (2d Cir.2005).

 Because Chen failed to challenge, by appeal to the BIA, the IJ's finding of no past persecution, she failed to exhaust that issue pursuant to 8 U.S.C. § 1252(d)(1). *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). Moreover, any challenge is deemed waived because she fails to argue that issue to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998). Her challenge to the agency's finding of no well-founded fear fails on the merits. Substantial evidence supports the IJ's and BIA's conclusions that Lin's claim to fear sterilization in China based on the birth of her single United States citizen child, several years after she initially filed for asylum, was too speculative to carry her burden. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). Although Lin claimed that all single mothers in Changle City were subject to sterilization, she submitted no evidence to substantiate the existence of such a policy. Moreover, the State Department Profile indicates that having more than one child is in fact common in Lin's province, and that individuals who have children abroad are subject to, at most, modest fines upon their return; Lin did not point to any evidence to the contrary. As Lin's withholding claim was based on the same set of facts as her asylum claim, the IJ and BIA properly determined that she necessarily failed to meet the higher burden for that claim. Finally, we lack jurisdiction to consider Lin's CAT claim because she failed to exhaust it before the BIA. *See Foster,* 376 F.3d at 78.

 The BIA did not abuse its discretion in denying Lin's motion to remand based on her recent marriage and second pregnancy. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006). Lin again failed to submit any evidence of a policy of sterilization of Chinese citizens who have children abroad, and therefore the BIA was within its discretion in concluding that the evidence of her pregnancy, standing alone, was unlikely to lead to a different result at a future hearing. *See* 8 C.F.R. § 1003.2(c)(1), (4).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).